UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ADIB AKBARI,                    )
                               )
          Plaintiff            )
                               )
v.                             )        No.  3:12-0768
                               )        Judge Sharp/Bryant
RENATE ARNOLD,                 )
                               )
          Defendant            )

**TO:  THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

Plaintiff Adib Akbari has filed his motion to dismiss
Defendant's counterclaim for failure to comply with previous orders
of the Court compelling discovery (Docket Entry No. 37). Defendant
Arnold has not responded in opposition.

For the reasons stated below, the undersigned Magistrate
Judge recommends that Plaintiff Akbari's motion be granted and
Defendant Arnold's counterclaim dismissed.

## PROCEDURAL HISTORY

Plaintiff Akbari commenced this action on July 6, 2012,
by filing a detainer warrant in the General Sessions Court for
Davidson County, Tennessee seeking possession of Apartment O-4, 320
Welch Road, Nashville, Tennessee 37211, together with a money
judgment for unpaid rent against Defendant Arnold (Docket Entry No.
1-1).

On July 24, 2012, Defendant Arnold filed a notice of
removal of this case to this Court asserting subject-matter
jurisdiction based upon alleged violations of the Americans With
Disabilities Act and certain federal civil rights statutes (Docket

Entry No. 1). This notice of removal bore the docket number of another case pending in this court (Docket Entry No. 3:11-1088) involving Defendant Arnold. The undersigned Magistrate Judge entered an order directing the Clerk to assign this case a new case number and ordering Plaintiff to pay the required filing fee or, in the alternative, file a motion for leave to proceed *in forma pauperis* within 14 days (Docket Entry No. 2). Defendant Arnold complied with this order by paying the required filing fee.

On January 4, 2013, Plaintiff Akbari filed his motion to compel discovery responses (Docket Entry No. 27), which asserted that Defendant Arnold had failed to serve responses to certain written discovery served on November 26, 2012. After Defendant Arnold failed to respond in opposition to this motion, the Court granted Plaintiff Akbari's motion to compel and ordered Defendant Arnold to serve her responses to the subject written discovery no later than February 15, 2013. This order admonished Defendant Arnold that her failure to comply with this order may cause the undersigned Magistrate Judge to recommend that judgment be entered against her (Docket Entry No. 31).

Plaintiff Akbari now has filed his motion to dismiss Defendant's counterclaim pursuant to Rule 37 of the Federal Rules of Civil Procedure because Defendant Arnold has failed to comply with the Court's order requiring her to serve responses to written discovery (Docket Entry No. 37). Defendant Arnold has not responded.

Rule 37(b)(2) provides that the Court may impose sanctions if a party fails to obey an order to provide or permit

discovery. Among the sanctions permitted by this Rule is dismissal of an action or proceeding in whole or in part. Rule 37(d)(2)(A)(v).

In this case, the undersigned Magistrate Judge finds that dismissal of the Defendant's counterclaim is an appropriate sanction for Defendant's failure to follow orders of the Court. As grounds, the undersigned notes that Defendant Arnold has persisted in failing to serve responses to written discovery, has failed to respond in opposition to Plaintiff's motion to compel discovery, and has failed to respond to Plaintiff's motion to dismiss the counterclaim as a sanction. From these numerous failures to produce discovery or otherwise respond in this case, the undersigned Magistrate Judge also finds that Defendant Arnold has failed to prosecute her counterclaim. For these reasons, the undersigned Magistrate Judge finds that Plaintiff Akbari's motion to dismiss the counterclaim should be granted. To the extent that Plaintiff's motion also seeks an award of monetary sanctions and attorneys' fees, that portion of the motion should be denied.

### RECOMMENDATION

For the reasons stated above, the undersigned recommends that Plaintiff's motion to dismiss counterclaim (Docket Entry No. 37) be granted and the counterclaim dismissed.

The undersigned further recommends that, to the extent that Plaintiff's motion also seeks an award of monetary sanctions and attorneys' fees, this request should be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and

Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

   **ENTERED** this 23rd day of August, 2013.


       /s/ John S. Bryant   
       JOHN S. BRYANT
       United States Magistrate Judge