```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

ADIB AKBARI,                    )
                                )
        Plaintiff               )
                                )
v.                              )       No.  3:12-0768
                                )       Judge Sharp/Bryant
RENATE ARNOLD,                  )
                                )
        Defendant               )
```

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned Magistrate Judge recommends that this case be remanded to the General Sessions Court for Davidson County, Tennessee, for lack of subject-matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

### SUMMARY OF PROCEDURAL HISTORY

This action was commenced on July 6, 2012, by the filing by Plaintiff of a detainer warrant in the General Sessions Court for Davidson County, Tennessee. This warrant alleged that Defendant Renee Arnold was wrongfully in possession of an apartment in Nashville, Tennessee. The warrant sought possession of the subject apartment as well as $800 alleged to be unpaid rent then due and owing (Docket Entry No. 1-1).

On July 24, 2012, the case was removed to this court by Defendant Renate Arnold, who asserted subject-matter jurisdiction here based upon federal question, 28 U.S.C. § 1331. Defendant Arnold simultaneously filed a counterclaim asserting claims under the Americans With Disabilities Act, a civil rights action pursuant

to 42 U.S.C. § 1983, and certain other federal claims (Docket Entry No. 1-2). This counterclaim was later dismissed on grounds that Defendant Arnold failed to comply with orders of the court requiring her to respond to discovery (Docket Entry No. 56).

On November 5, 2013, the Court ordered Plaintiff to show cause on or before November 15, 2013, why this case should not be remanded on grounds of lack of subject-matter jurisdiction and improper removal (Docket Entry No. 59). Neither party has responded to this order.

**ANALYSIS**

Rule 12(h)(3) provides as follows: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The Supreme Court has held that the existence of a federal question sufficient to support subject-matter jurisdiction, and therefore removal, must appear on the face of the complaint. *Pan American Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 663 (1961). ("If the plaintiff decides not to invoke a federal right, his claim belongs in state court."). The court has also stated, "For purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court – prior to the time the defendants filed their answer in federal court." *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 390 (1998).

Looking only at the detainer warrant filed by Plaintiff Akbari in the General Sessions Court, no federal question appears. It consists purely of a state court claim for possession of an

apartment and a money judgment for unpaid rent. For this reason, the undersigned Magistrate Judge finds that this case was improperly removed by Defendant Arnold to this court, and that it should be remanded to the General Sessions Court for Davidson County, Tennessee.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that this action be REMANDED to the General Sessions Court for Davidson County, Tennessee.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 26th day of November, 2013.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge